UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE L. STANLEY,

    Plaintiff,

v.                                   CASE NO: 8:08-cv-2095-T-26TGW

KAHN & ASSOCIATES, LLC,

    Defendant.
                                           /

## O R D E R

On June 1, 2009, Defendant filed a motion to stay these proceedings and to direct the parties to engage in mandatory arbitration pursuant to the provisions of the "Employment Agreement" Plaintiff executed at the time she commenced her employment with Defendant, a copy of which Defendant attached to the motion.[1] Plaintiff opposes the motion. Because a review of the history of this case reflects that Defendant has waived any contractual right it may have had with regard to arbitrating the claims raised by Plaintiff in her complaint, the motion is due to be denied, thus obviating the need for a response from Plaintiff.

Plaintiff filed suit against Defendant on October 20, 2008, claiming that Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.[2] Defendant responded by filing a general answer denying liability and interposing three affirmative and special defenses.[3] It also reserved the right to file additional affirmative or

---

[1] See docket 14.

[2] See docket 1.

[3] See docket 9.

special defenses as they became known during the course of discovery. None of the defenses alleged raised the issue of arbitration nor has Defendant supplemented its defenses to add arbitration as an affirmative defense even though the Eleventh Circuit Court of Appeals has observed that "[a]rbitration is clearly an affirmative defense . . ." Morewitz v. West of England Ship Owners Mut. Prot. And Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1364 (11th Cir. 1995) (citing American Sugar Refining Co. v. The Anaconda, 138 F.2d 765, 767 (5th Cir. 1943), *aff'd*, 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117 (1944); see also Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1319 (11th Cir. 2002) (noting assertion of right to arbitration as an affirmative defense); Perez v. Globe Security Serv., Inc., 253 F.3d 1280, 1282 (11th Cir. 2001) (same).

On January 5, 2009, attorneys for the parties participated in a case management conference resulting in the filing of a case management report on January 6, 2009.[4] In the report, Defendant's counsel represented that Defendant had made its initial disclosures under Rule 26 and announced that Defendant would be engaging in the full range of discovery authorized by the Federal Rules of Civil Procedure, i.e., service of interrogatories, service of requests for production of documents and admissions, and the taking of depositions. No mention was made, however, that arbitration was an issue in the case. The Court adopted the parties' suggested dates in the case management report and entered a Case Management Scheduling Order on January 7, 2009.[5]

Now, almost eight months after Plaintiff filed her complaint, and during the middle of the discovery period, Defendant invokes its contractual right to arbitration. The Court determines,

---

[4] See docket 12.

[5] See docket 13.

however, that given the totality of the circumstances, Defendant has waived that right by failing to raise the issue of arbitration at the earliest possible stages of the proceedings and by announcing its intention to engage in the full panoply of discovery authorized by the Federal Rules of Civil Procedure.  See Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002) (recognizing the strong federal policy favoring arbitration but also recognizing that a party may waive its contractual right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the right to arbitrate and by doing so has prejudiced the opposing party) (citing and quoting S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990)).  As to the prejudice prong, Plaintiff should not have to endure the added burden of commencing anew her quest for relief from Defendant within the context of an arbitration proceeding, especially given the length of time this case has been pending before Defendant raised the issue of arbitration.  Moreover, Defendant fails to offer any explanation as to why it delayed so long in invoking its right to arbitration.

Accordingly, it is ordered and adjudged that Defendant's Motion to Stay (Dkt. 14) is denied.

**DONE AND ORDERED** at Tampa, Florida, on June 2, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record